UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-00093 |
| | ) | Judge Echols |
| BETTY LOU COLE, | ) | |
| NOVICE J. COLE, JR., and | ) | |
| SHARON Y. WHITE | ) | |

## MEMORANDUM

Pending before the Court are various motions in this criminal case, including: (1) Defendant Novice Cole's Motion for Early Disclosure of Jencks Material (Docket Entry No. 32); (2) Defendant Novice Cole's Motion to Disclose Financial Statement Filed By James Whitaker (Docket Entry No. 34); (3) Defendant Novice Cole's Motion to Strike Certain Language (Docket Entry No. 37); (4) Defendant Novice Cole's Motion for Disclosure of Exculpatory Material (Docket Entry No. 38); and

(5) Defendant Betty Lou Cole's and Defendant Novice Cole's Motions to Dismiss Count Four of the Indictment (Docket Entry Nos. 41 & 45). The Motions have been fully briefed by the parties.

### I. FACTUAL BACKGROUND

On April 25, 2007, a grand jury returned a four-count Indictment against Defendants Betty Lou Cole, Novice J. Cole, Jr., and Sharon Y. White relating to James A. Whitaker's ("Whitaker's") receipt of Social Security Disability Benefits from the Social Security Administration ("SSA") at a time when Whitaker allegedly worked for, and received income from, Lu, Inc. Lu, Inc. was a Tennessee corporation and the three Defendants were officers of the corporation.

According to the Indictment, while working for Lu, Inc., Whitaker was paid through fictitious entities and payments made to him were reported to the Internal Revenue Service ("IRS") under his wife's Social Security number. The Indictment charges that from August 1996 through

1

December 2005, the Defendants did not filed or caused to be filed with the IRS any Form W-2 or Form 1099 disclosing the fact that Whitaker received income paid by Lu, Inc., or file Form 1099 to indicate that the compensation earned by Whitaker was earned by "B & J", a fictitious entity.

Defendants are each charged in Count One with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Defendants are charged in Count Two with aiding and abetting Whitaker in obtaining Social Security disability benefits while he was simultaneously receiving income from Lu, Inc. In Count Three Defendants are charged with aiding and abetting Whitaker in falsifying or concealing from the SSA the fact that Whitaker had the ability to engage in substantial gainful employment. Finally, in Count Four, Defendants are alleged to have aided and abetted Lu, Inc. in falsifying or concealing from the SSA the fact that Whitaker had the ability to engage in gainful activity.

## II. ANALYSIS

### A. Motion for Early Disclosure of Jencks Material

"The Jencks Act requires the government to disclose to the defense prior statements of a witness." United States v. Krebs, 788 F.2d 1166, 1175 (6th Cir. 1986). Defendant Novice Cole seeks early disclosure of Jencks Act material in this case so that Defendants and their counsel have "sufficient time to examine and utilize this material in a meaningful manner before and during trial." (Docket Entry No. 33 at 2). However persuasive such an argument may appear, the law does not provide for pretrial disclosure of Jencks Act material.

So far as relevant, the Jencks Act provides:

a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, [sic] discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). Similarly, Rule 26.2 of the Federal Rules of Criminal Procedure provides in relevant part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the government or the defendant and the defendant's attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

Fed. R. Crim. P. 26.2(a). Both the Act and the relevant Rule contemplate that prior statements of witnesses shall be produced to the opposing party after the witness has testified on direct examination so that the opposing party may consider such a statement in conducting cross-examination.

Neither the Act nor the Rule provide for early disclosure. In fact, the Sixth Circuit has noted "[t]he clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988). Accordingly, Novice Cole's Motion for Early Disclosure of Jencks Material will be denied.

**B. Motion to Disclose Financial Statement Filed By James Whitaker**

Defendant Novice Cole seeks discovery of the personal financial statement which James A. Whitaker filed in an effort to obtain counsel in a case styled United States v. Whitaker, 3:06-CR-00158. The Defendant surmises the document was placed under seal at the behest of the Government. However, the Government has indicated that the financial affidavit was automatically placed under seal by the Court in accordance with the Judicial Conference Privacy Policy.

In any event, the Government argues that while the document should not be unsealed, it has no objection to providing the document to the Defendants, so long as it is redacted in accordance with the Judicial Conference Privacy Policy. Such redaction would include: (1) Social Security numbers to the last four digits; (2) financial account numbers to the last four digits; (3) names of

3

minor children to the initials; (4) dates of birth to the year; (5) home addresses to city and state; (6) any personal identifying number, such as driver's license number; (7) medical records, treatment and diagnosis; (8) employment history; (9) individual financial information; (10) proprietary or trade secret information; (11) information regarding an individual's cooperation with the government; (12) information regarding the victim of any criminal activity; (13) national security information; and (14) sensitive security information as described in 49 U.S.C. §114(s). In reply, Defendant Novice Cole states in light of the Government's response, there is no need to unseal the financial statement and requests that the Court simply order the government to provide Defendants with a copy of the financial statement. (Docket Entry No. 53)

Accordingly, the Motion to Disclose Financial Statement will be granted and the Government will be directed to furnish Defendants with a copy of the financial statement James Whitaker filed in connection with his efforts to obtain counsel in United States v. Whitaker, 3:06-CR-00158. Prior to furnishing Defendants with a copy, the financial statement shall be redacted by the Government in accordance with the Judicial Conference Privacy Policy.

**C. Motion to Strike Certain Language**

Among other things, Count One alleges:

Beginning not later than August 1996 and continuing until in or about February 2006, in the Middle District of Tennessee and elsewhere, **BETTY LOU COLE, NOVICE J. COLE, JR.** and **SHARON Y. WHITE** did combine, conspire, confederate and agree with each other and with other persons known to the Grand Jury to defraud the United States, with the object and purpose to knowingly impede the purpose of agencies of the United States, *to wit*:
(a) as to the IRS, to impede the assessment of taxes owed by the taxpayer; and
(b) as to the SSA, to impede the determination of eligibility for disability benefits for an individual.

Defendant Novice Cole seeks to strike the references in Count One to "other persons known to the Grand Jury," and "elsewhere." He also seeks to strike any reference in the Indictment to any "unnamed and unidentified co-conspirators." He claims inclusion of such language is "unnecessary,

4

irrelevant and otherwise improper" and that the inclusion of references to "unnamed and unidentified co-conspirators" suggests "more unfounded, sinister activity on behalf of the Defendants." (Docket Entry No. 37 at 1-2). As such it is mere surplusage and should be stricken. Alternatively, Defendant asks that the Government be required to identify the "other persons" and "unnamed conspirators."

Under Rule 7(d) of the Federal Rules of Criminal Procedure, "the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The striking of language from an indictment as being surplusage pursuant to Fed. R. Crim. P. 7 'addresses itself to the sound discretion of the district court.'" United States v. Neller, 2000 WL 1234330 at *2 (6th Cir. 2000). "A motion to strike surplusage should be granted only where it is clear that the language is irrelevant and prejudicial." Id. (collecting cases). The Sixth Circuit has indicated, however, that "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be." United States v. Moss, 9 F.3d 543, 550 (6th Cir. 1993).

In this case, the Government asserts that "the disputed language is indispensable for the purpose of setting forth specific allegations of criminality in the indictment." (Docket Entry No. 56 at 2). Moreover, the Government asserts that "what the defendant defines as surplus words, is actually language that the government hopes to prove at trial and is thus not surplusage." (Id.). Given these representations, the Court will not strike the objected-to language.

Further, the Court will not require the Government to identify the "unnamed" persons or "unindicted" co-conspirators. An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Maney, 226 F.3d 660, 663 (6th Cir. 2000).

With regard to unnamed co-conspirators, the Sixth Circuit has observed:

5

> A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. 'It is the grand jury's statement of the existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet.'

United States v. Rey, 823 F.2d 1217, 1222 (6th Cir. 1991) quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir. 1983). Thus, the Government will not be required to disclose before trial the names of unindicted unnamed co-conspirators or persons known to the Grand Jury.

Nor will the Court require the Government to further identify the location of the alleged conspiracy. The allegation that the Defendants conspired in "the Middle District of Tennessee and elsewhere" is sufficient. See, United States v. Torres, 701 F.2d 205, 233-34 (2d Cir. 1990)(affirming denial of motion for bill of particulars which sought identification of co-conspirators and precise dates and locations that defendant was alleged to have engaged in overt acts in furtherance of the conspiracy); United States v. Abdi, 2007 WL 2083729 at *16 (S.D. Ohio 2007)(citation omitted)("'demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied'") ; United States v. Columbo, 2006 WL 2912511 at *8 n.23 (S.D.N.Y. 2006)(name of alleged co-conspirators, and name and location of overt acts are evidentiary details which are "clearly beyond the scope of a bill of particulars").

**D. Motion for Disclosure of Exculpatory Material**

In Brady v. Maryland, 337 U.S. 83 (1963), the United States Supreme Court imposed upon the prosecution the obligation to turn over material that is favorable to the defendant in regard to the defendant's guilt or punishment. Subsequently, in Giglio v. United States, 405 U.S. 150 (1972) the Supreme Court made clear that this disclosure obligation includes evidence which could be used to impeach the credibility of a witness.

6

Defendant Novice Cole seeks an order which would require the Government to timely turn over any such Brady/Giglio material which it has in its possession. That Defendant claims "this Court can take judicial notice of the fact that Brady material exists in virtually every case save the most simple of controversies" and that he "is concerned that a substantial body of Brady material has to exist . . . which is under the control of the prosecutors." (Docket Entry No. 38). In response, the Government has indicated that it is well aware of its responsibility to disclose exculpatory evidence in compliance with Federal Rule of Criminal Procedure 16 and Local Rule 16.01(a)(2). The Government also indicates that it "is unaware of any exculpatory material" but that if it discovers any such material, it will turn the same over to Defendants.

While Defendant Novice Cole makes conclusory assertions about his belief that there has to be exculpatory material, the Government has affirmatively stated that it is unaware of such material. The Court accepts those representations as true inasmuch as the prosecutors making the statement are officers of this Court and there has been no showing of misconduct on behalf of the Government. See, United States v. Carmichael, 232 F.3d 510, 517 (6th Cir. 2000)("because prosecutors are officers of the court, district courts may take them at their word when they inform the court that they have reviewed specific sealed documents and that those documents do not contain material subject to compulsory disclosure under Brady"); United States v. Sparks, 2 F.3d 574, 583 (5th Cir. 1993)(unless there are "concrete facts or factors," suggesting that the prosecutor has failed to comply with the mandate of the law, the district court should accept the prosecutor's assurance that she has complied with the law). Accordingly, the Motion for Timely Disclosure of Exculpatory Material will be denied.

7

**E. Motions to Dismiss Count Four**

Defendants Betty Cole and Novice Cole move to dismiss Count Four of the Indictment claiming that it is multiplicitous in light of Count Three. Leaving aside the introductory language which is incorporated in all counts of the Indictment, Count Three alleges:

> From in or about December 1996 until at least November 2005, in the Middle District of Tennessee and elsewhere, James A. Whitaker, together with **BETTY LOU COLE, NOVICE J. COLE, JR., and SHARON Y. WHITE**, and aided and abetted by them, did knowingly and willfully falsify, conceal, and cover up by trick, scheme, and device a material fact within the jurisdiction of the SSA, to wit, James A. Whitaker had the ability to engage in substantial gainful activity and in fact was so engaged continually.
> All in violation of Title 18, United States Code, Sections 1001(a)(1) and (2).

Count Four of the Indictment charges:

> From in or about December 1996 until at least November 2005, in the Middle District of Tennessee and elsewhere, Lu, Inc., together with **BETTY LOU COLE, NOVICE J. COLE, JR., and SHARON Y. WHITE**, and aided and abetted by them, did knowingly and willfully falsify, conceal, and cover up by trick, scheme, and device a material fact within the jurisdiction of the SSA, to wit, James A. Whitaker had the ability to engage in substantial gainful activity and in fact was so engaged continually.
> All in violation of Title 18, United States Code, Sections 1001(a)(1) and (2).

The Defendants assert that the charges are exactly the same except that in Count Three the Defendants are alleged to have aided and abetted James A. Whitaker, while in Count Four Defendants are alleged to have aided and abetted Lu, Inc.

"'Generally, an indictment may not charge a single criminal offense in several counts without offending the rule against multiplicity and implicating the double jeopardy clause.'" United States v. Hart, 70 F.3d 854, 859 (6th Cir. 1995)(citation omitted). An indictment is multiplicitous where two or more counts cover the same criminal behavior. See, United States v. Ragland, 3 Fed. Appx. 279, 284 (6th Cir. 2001); United States v. Frazier, 53 F.3d 1105, 1111 (10th Cir. 1995).

There are two dangers inherent in a multiplicitous indictment. "First, there is the danger that a defendant will be punished twice for the same offense." United States v. Mann, 195 Fed. Appx.

8

430, 434 (6th Cir. 2006)(collecting cases). "Second, a multiplicitous indictment 'can prejudice the jury by suggesting that more than one crime has been committed.'" Id. (citation omitted).

Charges alleging violations of 18 U.S.C. § 1001 are not multiplicitous where each count requires proof of a different set of facts, particularly if different documents or statements are involved. See, United States v. Laimeche, 56 Fed. Appx. 835, 836 (9th Cir. 2003). In any event, the charges contained in Count Three and Four are not merely alleged violations of 18 U.S.C. § 1001, but rather that Defendants aided and abetted violations of 18 U.S.C. § 1001. Specifically, in Count Three, the alleged substantive violation is that James A. Whitaker violated his own duty to notify SSA of his ability to work or engage in substantially gainful activity and the defendants aided and abetted this failure to notify SSA by paying Whitaker through fictitious companies such that James Whitaker had no documentation to report his income to SSA. In Count Four the alleged substantive violation is that Lu, Inc. violated its own duty to disclose the fact that James Whitaker was gainfully employed by it which presumably would have put the SSA on notice that James Whitaker had the ability to engage in substantial gainful activity or was so engaged.

"The general test for compliance with the double jeopardy clause looks to 'whether each provision requires proof of a fact which the other does not.'" United States v. Gibbons, 994 F.2d 299, 301 (6th Cir. 1993), quoting, Blockberger v. United States, 284 U.S. 299 (1932). Here, in response to the Motions to Dismiss, the Government asserts that Defendants conspired with Lu, Inc. to falsify or hide information from the SSA by causing the company to fail to file or falsify 1099s or W-2s and additionally conspired with Whitaker to hide information from the SSA by causing him to not file his personal tax returns as required by law.

As Defendants aptly observe, whether the alleged deceit was done in concert with Lu, Inc. or with Whitaker, the result would be the same, to wit, the SSA would be deceived about the true nature of James Whitaker's ability to be gainfully employed. In claiming this supports dismissal of

9

Count Four as multiplicitous of Count Three, Defendants rely on the "unitary harm rule" adopted by the Eighth Circuit under which the "repetition of a false statement which does not constitute an additional impairment of governmental functions should not be charged separately in an indictment." United States v. Graham, 60 F.3d 463, 467 (8th Cir. 1995). "Unfortunately for the defendant[s], however, the Sixth Circuit has never adopted or relied upon a 'unitary harm' rule[.]" United States v. Lacefield, 146 Fed. Appx. 15, 20 (6th Cir. 2005), and this Court sees no basis for adopting it here.

Defendant Novice Cole also argues that he cannot be liable under Count Four which alleges Lu, Inc., in conjunction with the Defendants, violated 18 U.S.C. § 1001 because he cannot "aid and abet himself (or his wholly owned company)." (Docket Entry No. 45 at 1). However, even a corporation wholly owned by one shareholder "has the capacity of being aided and abetted. To hold otherwise would allow the controlling stockholder of a corporation to enjoy the benefits of the corporate form, protection from personal liability for corporation's debts, without accepting the burden of assuming criminal responsibility when the individual causes the corporation to commit a crime." United States v. Sain, 141 F.3d 463, 474 (3d Cir. 1998). In any event, the Indictment suggests that Novice Cole was not the only principal of Lu, Inc. and, in fact, his mother, Betty Cole, was the president of Lu, Inc. for a period of time. In its response, the Government states that as a part of its proof it will show that Lu, Inc. was not the mere alter ego of Novice Cole and that Lu Inc. had other officers, employees, and agents. (Docket Entry No. 64 at 8).

Based upon the present record, this Court cannot conclude, as a matter of law, that Counts Three and Four are multiplicitous and therefore violate Defendants' Fifth Amendment Double Jeopardy rights. Upon proper motion, the Court will consider this matter again at the close of the Government's case. See, U.S. v. Walsh, 194 F.3d 37, 46 (2nd Cir. 1999)(collecting cases indicating that where indictment is not multiplicitous on its face, the court should await trial on the facts to make the determination).

## III. CONCLUSION

For the foregoing reasons, Defendant Novice Cole's Motion for Early Disclosure of Jencks Material (Docket Entry No. 32), Defendant Novice Cole's Motion to Strike Certain Language (Docket Entry No. 37), Defendant Novice Cole's Motion for Disclosure of Exculpatory Material (Docket Entry No. 38) and Defendants Betty Lou Cole's and Novice Cole's Motion to Dismiss Count Four of the Indictment (Docket Entry Nos. 41 & 45) will be denied. Defendant Novice Cole's Motion to Disclose Financial Statement Filed By James Whitaker will be granted and the Government will be required to produce redacted copies of James Whitaker's financial statement to the Defendants.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE